# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ESTATE OF RONALD BOLIEK, | \* |
| RICHARD BOLIEK, Personal Representative | \* |
| and | \* |
| PATRICIA BOLIEK, | \* |
| and | \* |
| KIMBERLY BOLIEK, | \* |
| Plaintiffs, | \* |
| v. | Civil No. RDB 04-3655 |
| ESTATE OF DAVID FRENDLICH, | \* |
| and | \* |
| ANNE ARUNDEL COUNTY, MARYLAND | \* |
| Defendants. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before this Court is the Motion to Dismiss of Defendant Anne Arundel County, Maryland, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. This action was initiated by the Estate of Ronald Boliek, Patricia Boliek (mother of Ronald Boliek), and Kimberly Boliek (daughter of Ronald Boliek) (collectively "Plaintiffs") against the Estate of David Frendlich and the Anne Arundel County Police

Department[1]  ("Anne Arundel County") (collectively "Defendants") as a result of a tragic incident that occurred on October 31, 2003, when David Frendlich ("Frendlich"), a police officer for Anne Arundel County, shot and killed Ronald Boliek ("Boliek") and then committed suicide.

On November 17, 2004, Plaintiffs filed a twenty-four (24) count Complaint in the Circuit Court for Anne Arundel County, Maryland, against Frendlich's estate and against Anne Arundel County.[2] The Complaint alleges various state law claims against the Defendants and Counts XIII-XV specifically allege that Anne Arundel County violated Boliek's constitutional rights and those of his mother and his

---

[1] In its Notice of Removal to this Court the Defendant Anne Arundel County, Maryland, appropriately noted that the Complaint had erroneously named "Anne Arundel County Police Department." as a Defendant. Pursuant to provisions of the County Charter, the Defendant is appropriately designated as Anne Arundel County, Maryland.  By separate Order this Court has corrected the docket caption of this case.

[2] The Complaint contains the following Counts: Count I (Assault on behalf of the Estate of Ronald Boliek against the Estate of David Frendlich); Count II (Battery on behalf of the Estate of Ronald Boliek against the Estate of David Frendlich); Count III (Assault on behalf of Kimberly Boliek against the Estate of David Frendlich); Count IV (Intentional Infliction of Emotional Distress on behalf of Patricia Boliek against the Estate of David Frendlich); Count V (Intentional Infliction of Emotional Distress on behalf of the Estate of Ronald Boliek against the Estate of David Frendlich); Count VI (Intentional Infliction of Emotional Distress on behalf of Kimberly Boliek against the Estate of David Frendlich); Count VII (Punitive Damages on behalf of the Estate of Ronald Boliek against Estate of Frendlich and Anne Arundel County); Count VIII (Punitive Damages on behalf of Patricia Boliek against the Estate of David Frendlich and Anne Arundel County); Count IX (Punitive Damages on behalf of Kimberly Boliek against the Estate of David Frendlich and Anne Arundel County); Count X (Negligence on behalf of the Estate of Ronald Boliek against the Estate of David Frendlich); Count XI (Negligence on behalf of Patricia Boliek against the Estate of David Frendlich); Count XII (Negligence on behalf of Kimberly Boliek against the Estate of David Frendlich); Count XIII (Liability pursuant to 42 U.S.C. § 1983 on behalf of the Estate of Ronald Boliek against the Estate of David Frendlich and Anne Arundel County); Count XIV (Liability pursuant to 42 U.S.C. § 1983 on behalf of Patricia Boliek against the Estate of David Frendlich and Anne Arundel County); Count XV (Liability pursuant to 42 U.S.C. § 1983 on behalf of Kimberly Boliek against the Estate of David Frendlich and Anne Arundel County); Count XVI (Wrongful death on behalf of Kimberly Boliek against the Estate of David Frendlich and Anne Arundel County); Count XVII (Wrongful death on behalf of Patricia Boliek against the Estate of David Frendlich and Anne Arundel County); Count XVIII (Wrongful death on behalf of the Estate of Ronald Boliek against the Estate of David Frendlich and Anne Arundel County); Count XIX (Negligent retention on behalf of Kimberly Boliek against  Anne Arundel County); Count XX (Negligent retention on behalf of the Estate of Ronald Boliek against Anne Arundel County; Count XXI (Negligent retention on behalf of Patricia Boliek against Anne Arundel County); Count XXII (Negligent entrustment on behalf of Kimberly Boliek against Anne Arundel County); Count XXIII (Negligent entrustment on behalf of Patricia Boliek against Anne Arundel County); and Count XXIV (Negligent entrustment on behalf of the Estate of Ronald Boliek against Anne Arundel County).

daughter pursuant to 42 U.S.C. § 1983.  Defendant Anne Arundel County filed a notice of removal to this Court based upon these Section 1983 allegations.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.[3]  Defendant Anne Arundel County further stated that this Court has pendent jurisdiction over the remaining state law claims. (Notice of Removal ¶ 4.)[4]

On February 15, 2005, Defendant Anne Arundel County filed this Motion to Dismiss the entirety of Plaintiff's Complaint.  The issues have been thoroughly briefed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED in part with respect to Counts XIII-XV, alleging violations of 42 U.S.C. § 1983, and Counts XIII-XV shall be DISMISSED WITH PREJUDICE.  The state law claims set forth in Counts I-XII, XVI-XXIV shall be REMANDED to the Circuit Court for Anne Arundel County, Maryland.

### BACKGROUND

The following facts are presented in the light most favorable to the Plaintiffs.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  In approximately late winter or early spring of 2003, Anne Arundel County Police Officer David Frendlich separated from his wife, Lisa Frendlich. (Compl. ¶ 8-9.)  During the separation period, Mrs. Frendlich entered into a relationship with Boliek. (Compl. ¶ 9.)  In June of 2003, Mrs. Frendlich moved back into the marital home with her husband and

---

[3] Defendant Anne Arundel County in its Notice of Removal noted that this Court has original jurisdiction over claims alleging a deprivation of constitutional rights pursuant to 42 U.S.C. § 1983.

[4] The term "pendent jurisdiction" has been replaced by the statutory concept of "supplemental jurisdiction," as a result of The Judicial Improvements Act of 1990, 28 U.S.C. § 1367.  *See generally* Erwin Chemerinsky, Federal Jurisdiction § 5.4, at 329-38 (4th ed. 2003).

ended her relationship with Boliek.  (Compl. ¶ 10.)  During the next few months, Frendlich and Boliek had numerous encounters during which Frendlich threatened to inflict bodily harm on Boliek.  (Compl. ¶ 13.)  On several occasions, Frendlich parked his Anne Arundel County police car in front of Boliek's home, although Boliek's home was not within his patrol district. (*Id*.)  On or about July 31, 2003, Boliek informed Defendant Anne Arundel County of threats made by Defendant Frendlich and that Defendant Frendlich had left a note inside Boliek's home stating he could get to Boliek at "any time, any place." (Compl. ¶ 14.)  Frendlich also left a picture of himself in Boliek's home.[5]  (Opp. Def.'s Mot. Dismiss at 2.)

During the last week of October 2003, Frendlich moved out of the marital home deciding to end his marital relationship, informed his wife he would be in New Jersey for Halloween, and decorated the lawn with three tombstones.  (Compl. ¶ 11.)  After her husband's departure, Mrs. Frendlich made plans for a Halloween dinner with her daughters, Boliek and his daughter, Kimberly Boliek, after "trick or treating."  (Compl. ¶ 12.)  On October 31, 2003,  Frendlich entered his estranged wife's home and waited for Boliek.  (Compl. ¶ 12.)  Once Boliek entered the Frendlichs' home with his daughter, Mrs. Frendlich, and the Frendlichs' children, Frendlich used his police issued handgun to murder Boliek and then commit suicide. (*Id*.)

## STANDARD OF REVIEW

Defendant Anne Arundel County seeks to dismiss Plaintiffs' action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.  As the

---

[5] Plaintiffs' pleadings allege additional facts or assertions in the Response to Anne Arundel County's Motion to Dismiss which are not contained within their Complaint.  These facts, however, are addressed in the Discussion section, *infra*.

legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001) Furthermore, the "Federal Rules of Civil procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra*, 120 F.3d at 473; *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court "need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papason v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events,

5

*United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004). The court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180.

### DISCUSSION

**I.   Plaintiffs' Civil Rights Claims Pursuant to 42 U.S.C. § 1983 (Counts XIII-XV)**

Defendant Anne Arundel County has moved to dismiss Counts XIII-XV of Plaintiffs' Complaint on the basis that Plaintiffs have failed to plead any legally cognizable claims against Anne Arundel County pursuant to 42 U.S.C. § 1983, the only federal law allegedly violated. Title 42 § 1983 provides a cause of action for individuals who have been deprived of their civil rights.[6] To prove a Section 1983 violation against Frendlich's estate, the Plaintiffs must establish that: (1) a person acted under "color of state law" in the conduct being complained of; and (2) the conduct "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *S.P. v. City of Takoma Park*, 134 F.3d 260, 269 (4th Cir. 1998). If the Plaintiffs establish a Section 1983 violation by Frendlich, Anne Arundel County may be held liable for Frendlich's actions if the Plaintiffs prove the existence of an official county policy or custom contributing to the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of*

---

[6] Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the injured in an action at law, suit in equity, or other proper proceeding for redress. . ."

*New York*, 436 U.S. 658, 694 (1978).

## A. The Section 1983 Requirement that the Action Taken is Under "Color of Law"

Defendant Anne Arundel County argues that Plaintiffs have failed to state a Section 1983 claim because Frendlich was not acting under "color of law." A person acting under "color of state law" has power "by virtue of state law . . . made possible only because the wrongdoer is clothed with the authority of state." *West v. Atkins*, 487 U.S. 42, 49 (1988); *United States v. Classic*, 313 U.S. 299, 326 (1941). "If an individual is possessed of state authority and purports to act under that authority, his action is state action." *Griffin v. Maryland*, 378 U.S. 130, 135 (1964). An allegation consisting of an infringement of federal rights must be fairly attributable to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

As the United States Court of Appeals for the Fourth Circuit noted in *Revene v. Charles County Comm'rs*, in determining whether a police officer is acting under "color of law," the *controlling* factor is the nature of the *act performed*. 882 F.2d at 872 (emphasis added). A court should also review additional factors suggesting state authority such as whether the officer was on duty, wearing a uniform, or driving a patrol car. *Id.* "[A]cts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983," as compared to an officer's misuse of power which does fall within Section 1983. *Id.* at 872-74. In *Rossignol v. Voorhaar*, 316 F.3d 516, 523-24 (4th Cir. 2003), the Fourth Circuit found such a misuse of power by several sheriff's deputies in an orchestrated effort to buy newspapers so as to prevent dissemination of criticism of the county sheriff.

In that case, the private actions were linked to the official status of the sheriff's deputies. *Id.* at 524.[7]

However, it is well established that every action by an employee or state official cannot automatically be considered an act occurring under "color of state law." *Bailey v. Prince George's County*, 34 F. Supp. 2d 1025, 1026 (D. Md. 1999) (citing *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989). Actions taken by law enforcement officials "in the ambit of their personal, private pursuits fall outside of 42 U.S.C.§ 1983." *Stengel v. Belcher,* 522 F.2d 438, 441 (6th Cir. 1975).

In deciding whether Frendlich was acting under "color of law" when he shot Boliek, this Court must examine the nature of Frendlich's act. Under the first element of a Section 1983 claim, Plaintiffs must be able to prove that Frendlich possessed state authority and performed an action under that authority. As mentioned above, the facts alleged in the Plaintiffs' Complaint concerning the murder are as follows: Frendlich informed his estranged wife that he would be in New Jersey during Halloween, but later returned to the home and waited in the basement while Frendlich's estranged wife and children were "trick or treating" with Boliek and his daughter. (Compl. ¶ 4.) Upon Boliek's return, Frendlich shot and killed Boliek by using his police issued handgun. Although Frendlich used his police issued handgun he was clearly off duty at the time and his actions were not taken in the performance of his official duties.

In *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994), the United States Court of Appeals for the Third Circuit recognized that in some situations an off-duty officer can create "pretended authority" by certain action such as: identifying oneself as a police officer; flashing a badge;

---

[7] The Fourth Circuit in the recent unpublished opinion of *Givens v. O'Quinn*, 121 Fed. Appx. 984, 2005 WL 488804 (Mar. 3, 2005) found that the assault upon a corrections officer by other correction officers while on duty arose out of public and not private circumstances and therefore such actions were linked to their official duties.

arresting an individual; or interceding in a third-party dispute in compliance with police department regulations. However, a police officer's actions will not be under "color of law" when the conduct is personal and not an exercise of state authority. *See Barna*, 42 F.3d at 818 ("[T]here was no evidence that the alleged assault occurred as a result of official police concerns; on the contrary, the evidence indicates that the assault arose out of the officer's familial and personal concerns."). Thus, use of a police issued handgun by a police officer alone does not transform personal conduct into police action. The Court must review the link between the use of the handgun and the exercise of state power. *See Martinez v. Colon*, 54 F.3d 980, 988 (1st Cir. 1995) ("[W]hile a police officer's use of a state-issue weapon in the pursuit of private activities will have 'furthered' the § 1983 violation in a literal sense . . . additional indicia of state authority to conclude that the officer acted under color of state law [is needed].").

In *United States v. Tarpley*, 945 F.2d 806 (5th Cir. 1991), the court affirmed the conviction of a deputy sheriff for violations of 18 U.S.C. § § 241 and 242, which prohibit the deprivation of constitutional rights under "color of law." In that case, the deputy sheriff was convicted as a result of his assault on his wife's former lover. In affirming the conviction, the court found that there was sufficient evidence that the Defendant acted under "color of law" and conspired with another deputy sheriff in doing so. In the *Tarpley* case, the court noted that "[s]ignificantly, Tarpley summoned another police officer from the sheriff's station and identified him as a fellow officer and ally." 945 F.2d at 809. The two men then preceded to act in concert against the victim of the assault. As the court noted, the "presence of police and the air of official authority pervaded the entire incident." *Id.* These facts are clearly distinguishable from the facts of this case.

9

In the case at bar, even though Frendlich used his police issued handgun to murder Boliek, there are virtually no additional indicia of state authority related to this act. There was absolutely no effort to involve other police personnel or ratify his actions by "the air of official authority," as was the case in *Tarpley*. *Id.* The facts alleged by Plaintiffs cannot be viewed to illustrate anything other than a highly personal act on the part of Frendlich when he murdered Boliek. Plaintiffs have not alleged facts to show that Frendlich used his handgun as an exercise of police power or that the use of the handgun related to the performance of police duty. Instead, Frendlich used his police handgun to shoot and kill Boliek, and then to commit suicide, without performing or purporting to perform any of his official police duties. *See Bonsignore v. City of New York*, 683 F.2d 635, 638-39 (2d Cir. 1982) (holding that an officer who used his police handgun to shoot his wife and then commit suicide did not act under "color of state law since his actions were not committed in the performance of any actual or pretended duty, but were performed in the ambit of [his] personal pursuits") (alteration in original) (citations omitted).

The Plaintiffs' Opposition to the Motion to Dismiss attempts to allege additional indicia of state authority not included in their Complaint.[8] For instance, Plaintiffs contend that the use of Frendlich's police car on the night of the murder, in addition to his police issued handgun, supports their Section 1983 claim.[9] As discussed above, Frendlich's actions did not occur while he was on duty. Even

---

[8] On March 3, 2005, Plaintiffs filed their Opposition to Defendant Anne Arundel County's Motion to Dismiss. At that time, Plaintiffs asked this Court to grant leave to amend their Complaint if this Court finds that Plaintiffs have not pled their causes of action. This Court will consider the additional facts alleged by Plaintiffs in their response in considering Anne Arundel County's Motion to Dismiss.

[9] In the Complaint, Plaintiffs allege use of the police car to intimidate and threaten Boliek prior to October 31, 2003, but the Plaintiffs did not allege the use of Frendlich's police car on the night of the murder until their

10

considering the additional information presented by Plaintiffs in their Response, Frendlich, based on the facts alleged, cannot be said to have acted under "color of law" when he threatened and subsequently killed Boliek. These facts surrounding this incident, coupled with the controlling factor of the nature of the act -- the murder of Boliek -- firmly establish that Frendlich was engaged in "purely personal pursuit" when he killed Boliek.

Even assuming the facts in the light most favorable to the Plaintiffs, the Complaint fails to state a claim upon which relief can be sought pursuant to 42 U.S.C. § 1983. Frendlich was not acting under "color of state law" when he deprived Boliek of his constitutional rights. The facts alleged in Plaintiffs' Complaint, and those presented in their Response, do not show that Frendlich's actions carried a sufficient indicia of state authority, as his actions were clearly purely personal in nature. As a result, Plaintiffs cannot satisfy the first element of a Section 1983 claim and cannot show that Frendlich was acting under "color of law."

### B. Constitutional Deprivation

Even if Plaintiffs had plead sufficient facts to indicate that Frendlich was acting under "color of law," Counts XIV and XV still fail because they do not properly allege a constitutional deprivation. Count XIV is brought on behalf of Patricia Boliek, Boliek's mother, and Count XV is brought on behalf of Kimberly Boliek, Boliek's daughter. Plaintiffs Patricia and Kimberly Boliek assert that they suffered pain and were deprived of the benefits of the life of their son and father. The Plaintiffs Patricia and Kimberly Boliek have no cognizable claim under Section 1983, as their personal constitutional rights

---

Response in Opposition to the Motion to Dismiss.

were not deprived by Frendlich's actions.

The Fourth Circuit in *Shaw v. Stroud*, found that there is no substantive due process claim for the loss of the love and support of a family member. 13 F.3d 791, 804-05 (4th Cir. 1994) (citing *Rucker v. Harford County,* 946 F.2d 278, 283 (4th Cir. 1991), *cert. denied,* 502 U.S. 1097 (1992)). As a result, even if Frendlich was found to have acted under "color of law," the allegations in Counts XIV and XV cannot support a Section 1983 claim because neither count alleges a recognized constitutional violation.

### C. <u>Municipal Liability</u>

In *Monell*, the Supreme Court held that local governments may be liable for damages when:

> [T]he action that is alleged to be unconstitutional implements or executes a policy statement . . . . In addition . . . local governments . . . may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such custom has not received formal approval . . . .

436 U.S. at 690-91.

Thus, to prevail on their Section 1983 claims against Anne Arundel County, the Plaintiffs must first prove that there was a constitutional violation committed under "color of law" by Frendlich. Secondly, the Plaintiffs must prove that there was a policy or custom of Anne Arundel County which resulted in Frendlich's actions. There must be an "affirmative link" connecting the violation to the policy or custom. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985); *Spell v. McDaniel*, 824 F.2d 1380, 1388 (4th Cir. 1987). Furthermore, "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." *Lanigan v. Village of East Hazel Crest,* 110 F.3d 467, 479 (7th Cir. 1997).

In the present case, Plaintiffs assert that Anne Arundel County is responsible for a Section 1983 constitutional violation of Boliek's rights due to its knowledge that Boliek was in danger of bodily harm. Plaintiffs argue that Anne Arundel County wrongfully allowed Frendlich to keep his police issued handgun as well as to stalk, harass, and threaten Boliek. Specifically, Plaintiffs assert that the reporting to the police department of threats and a note left inside Boliek's home, allegedly by Frendlich, should have prompted Anne Arundel County to protect Boliek. In Plaintiff's Opposition to Defendant's Motion to Dismiss, Plaintiffs provided some additional facts including information concerning two Anne Arundel County police policies. First, Plaintiffs assert that Anne Arundel County police regulations 1502 IV and V require an off-duty police officer to maintain many of the same duties -- including the use of a county-issued handgun and ammunition -- as an on-duty police officer and that this fact supports the notion that a master/servant relationship exists for off-duty police officers in Anne Arundel County. (Opp. Def.'s Mot. Dismiss at 4-5.) Second, Plaintiffs contend that Frendlich used his official authority as a police officer to obtain a criminal record of Ronald Boliek. (Opp. Def.'s Mot. Dismiss at 5.) Third, Anne Arundel County has a policy to investigate any complaints of police misconduct. (Opp. Def.'s Mot. Dismiss at 6.)

Even reviewing these facts in the light most favorable to the Plaintiffs, they have not stated a cause of action pursuant to Section 1983. The Plaintiffs attempt to form a causal link between the threats, the deprivation of life, and Anne Arundel County's policy of requiring police officers to carry a handgun. Anne Arundel County's policy to maintain a handgun does not in and of itself provide an "affirmative link" to the purely personal action of Frendlich when he shot Boliek. *See Payne v. Government of the District of Columbia*, 559 F.2d 809, 825 n.9 (D.C. Cir. 1977). In addition, as

13

discussed above, the nature or circumstance of the handgun's use is relevant to show whether its use was under official authority. Furthermore, even if Anne Arundel County did not follow its policy by failing to conduct an internal investigation of Frendlich's threats, Plaintiffs fail to allege facts indicating that this failure in any way resulted in Boliek's murder. Quite simply, apart from their failure to provide any evidence that Frendlich was acting under "color of law," the Plaintiffs have also failed to provide this Court with any policy or custom resulting in Frendlich's murder of Boliek. Anne Arundel County's alleged failure to immediately discipline Frendlich and protect Boliek, may certainly give rise to causes of action set forth in other counts of the Plaintiffs' Complaint - but it does not support a constitutional claim under Section 1983.

For these reasons, viewing the facts in the light most favorable to the Plaintiffs, the Complaint fails to allege facts supporting a Section 1983 claim, as Plaintiffs cannot show Frendlich acted under "color of law" and could not in any event meet the *Monell* requirements to establish the municipal liability of Anne Arundel County. Furthermore, for Counts XIV and XV, Plaintiffs fail to assert cognizable constitutional violations. Therefore, Counts XIII, VIV, and XV all alleging Section 1983 claims are DISMISSED WITH PREJUDICE.

## II. Remaining Maryland State Law Claims

Counts I-XII and XVI-XXIV of Plaintiff's Complaint allege various state law claims, over which this Court does not have an independent basis for federal subject matter jurisdiction.[10] The Supreme Court has held that a federal district court may remand pendent state law claims in the

---

[10] *See infra* at 1 for a list of all the counts.

absence of remaining federal claims.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Hinson v. Northwest Fin. South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("[W]e conclude, that under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met."); *Hall v. Prince George's County,* 189 F. Supp. 2d 320, 324 (D. Md. 2002) (dismissing remaining state law claims without prejudice as a result of the dismissal of the federal claims).  This Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").  Therefore, Counts I-XII, and XVI-XXIV are REMANDED to the Circuit Court for Anne Arundel County, Maryland.

## **CONCLUSION**

For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED with respect to Counts XIII-XV, alleging violations of 42 U.S.C. § 1983, and Counts XIII-XV shall be DISMISSED WITH PREJUDICE.  The state law claims set forth in Counts I-XII, and XVI-XXIV shall be REMANDED to the Circuit Court for Anne Arundel County, Maryland.  A separate Order will follow.


Dated:   June 7, 2005                         /s/
                                              Richard D. Bennett
                                              United States District Judge